# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AARON W. SCHILLER,

                    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                    Defendant.

Case No. 15-CV-1311-JPS

**ORDER**

On June 13, 2016, the Court remanded this case to the Commissioner of Social Security, pursuant to the parties' stipulation. (Docket #21, #22, and #23). After remand, the parties stipulated, and the Court ordered, that Plaintiff's counsel should receive an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $13,660.65.[1] On March 14, 2017, the Commissioner, considering the matter on remand, issued a fully favorable decision to Plaintiff. (Docket #26 at 1).

On August 23, 2017, Plaintiff's counsel filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). *Id.* In this case, Plaintiff and his counsel originally negotiated counsel's fee at twenty-five percent of whatever past-due benefits would be awarded to him. *Id*. Section 406(b) permits the Court to award this agreed-upon fee. It provides that, after entering judgment in favor of a claimant who was represented by counsel, the Court may award the attorney a reasonable fee for his or her work

---

[1]That amount is comprised of two smaller amounts awarded in two separate district court actions brought by Plaintiff, who was represented in both cases by the same attorney. *See* (Docket #26 at 2). The instant action is one of those two.

before the Court. 42 U.S.C. § 406(b)(1)(A). The fee cannot exceed twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of the judgment. *Id.* In this case, counsel represents that his outstanding fee under Section 406(b) is $36,549.00. (Docket #26 at 2).

The Commissioner, acting in a role "resembling that of a trustee" for Plaintiff, *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002), has filed a response indicating that she does not opposed counsel's requested fees. (Docket #27). In light of counsel's submissions and Defendant's non-opposition, the Court finds that the fees requested are both reasonable and necessary and qualify under Section 406(b).[2]

Accordingly,

**IT IS ORDERED** that the motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket #26) be and the same is hereby **GRANTED**; the Commissioner shall pay $36,549.00 from the withheld funds directly to Plaintiff's counsel, Frederick Daley.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2]Counsel are required to refund amounts paid to them under the EAJA if they are awarded fees under Section 406(b). 42 U.S.C. § 406(b)(1)(A). The instant motion suggests—though it does not actually state—that Plaintiff's counsel has not yet been paid the Court's earlier EAJA awards. *See* (Docket #26 at 6). He represents, however, that he will credit to Plaintiff the EAJA fees. *Id.*